```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

**DAVID NELSON,**

      **Petitioner,**

v.                            Case No. 2:09-cv-01023

**ADRIAN HOKE, Warden,**
**Huttonsville Correctional Center,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On September 23, 2009, the Clerk's Office received a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket sheet document # 2), filed by David Nelson (hereinafter "Petitioner"). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY OF PETITIONER'S CASE

Petitioner was originally convicted, following a jury trial in the Circuit Court of Mingo County, West Virginia, of first degree murder, kidnapping, sexual assault in the first degree and three counts of conspiracy relating to those offenses. Petitioner's conviction was overturned on appeal by *per curiam* opinion issued on October 30, 2007. *See* <u>State v. Nelson</u>, 655 S.E.2d 73 (W. Va.

2007).  (# 11, Resp't Ex. 1).  On remand, Petitioner entered a guilty plea to one count of second degree murder and one count of conspiracy to commit murder.  By order entered February 11, 2008, Petitioner was sentenced to consecutive terms of imprisonment of 40 years for the murder conviction, and 1-5 years for the conspiracy conviction.  (Id., Ex. 2).  Petitioner did not appeal his convictions and sentences to the Supreme Court of Appeals of West Virginia (the "SCAWV").

On February 11, 2009, Petitioner filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Mingo County (Case No. 09-C-45), which is still pending in that court.  (Id., Ex. 3).  On September 21, 2009, Petitioner filed a second Petition for a Writ of Habeas Corpus in the Circuit Court of Mingo County (Case No. 09-C-314), which is also still pending.  (Id. Ex. 4).

On September 9, 2009, Petitioner filed a Petition for a Writ of Habeas Corpus under the original jurisdiction of the SCAWV (Case No 091366).  The SCAWV summarily refused that petition by order entered November 12, 2009.  (Id., Ex. 5).

Petitioner filed the instant section 2254 petition on September 23, 2009, asserting nineteen (19) grounds for relief.

On December 12, 2009, Respondent filed a Response to the Petition for a Writ of Habeas Corpus (# 10), a Motion to Dismiss Petition for Failure to Exhaust State Remedies, with accompanying exhibits (# 11), and a Memorandum of Law in support thereof (# 12).

2

On December 24, 2009, Petitioner filed a Response to Respondent's documents. (# 13). Respondent did not file a reply. This matter is ripe for determination.

## APPLICABLE STATUTES AND CASE LAW

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

    (A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing Preiser v. Rodriquez, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for

appeal from an adverse ruling in the SCAWV. Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); McDaniel v. Holland, 631 F. Supp. at 1545. A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. See Moore, 879 F. Supp. at 593; McDaniel, 631 F. Supp. at 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, Trest v. Cain, 522 U.S. 87 (1997)).

## ANALYSIS

Respondent's Motion to Dismiss asserts that Petitioner has failed to properly present any of the claims raised in his section 2254 petition to the state's highest court in order to satisfy the exhaustion requirement of section 2254, before filing the instant federal petition, thus, requiring dismissal of the present petition. (# 12 at 3). As noted by Respondent, pursuant to 28 U.S.C. § 2254(c), "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." See Meadows, 904 F.2d at 909. Petitioner did not file a direct appeal of his

convictions and sentences. Furthermore, both of Petitioner's circuit court habeas petitions are still pending. Therefore, the claims raised therein have not been presented to the SCAWV. The only claims that Petitioner has addressed to the SCAWV were those raised in his original jurisdiction habeas corpus petition, which was summarily refused by the SCAWV. As noted above, the summary dismissal of an original jurisdiction petition does not meet the exhaustion requirements, unless the court specifically states that the refusal is with prejudice. See Moore, 879 F. Supp. at 593. (Id. at 4-5). A review of the Order refusing Petitioner's original jurisdiction petition clearly indicates that the refusal was not with prejudice. (# 11, Ex. 5).

In his Response, Petitioner argues that, when the SCAWV reversed his first conviction, the court made a ruling that there was no physical evidence directly connecting Petitioner to the crimes. Petitioner asserts that the appellate opinion found that the evidence was insufficient to support his conviction and that a retrial was prohibited by the Double Jeopardy Clause. In Ground 19 of his federal petition, Petitioner contends that his right not to be subjected to double jeopardy was violated when he was retried after the SCAWV found that "there was no evidence that Petitioner committed the crimes and no corroboration of the state's witnesses." (# 2 at 13). Petitioner further contends that he should not be required to exhaust state remedies "because he should

5

not have been retried once the appellate court ruled in his favor on the sufficiency of the evidence." (# 13 at 1).

Upon remand from the SCAWV, Petitioner ultimately decided to enter a guilty plea to lesser charges. It is the proceedings after the remand that are the basis for Petitioner's present incarceration and, thus, the proper subject of his federal habeas corpus petition.

Without discussing the merits of the alleged "double jeopardy" claim raised by Petitioner in his federal petition, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has not received a ruling on the merits from the SCAWV concerning his alleged "double jeopardy" claim, as presently raised, and, therefore, it remains unexhausted. Petitioner's argument that he is not required to exhaust state court remedies because of the appellate court's purported ruling on the sufficiency of the evidence presented at his first trial must fail.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to exhaust his state court remedies prior to filing the instant section 2254 petition.

### RECOMMENDATION

It is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss Petition for Failure to Exhaust State Remedies (# 11), and **DISMISS** Petitioner's section 2254 petition and this civil action, without prejudice, pending the

proper exhaustion of his state court remedies.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

    March 23, 2010                                                                                                    
        Date                                            Mary E. Stanley
                                                        United States Magistrate Judge