```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT CHARLESTON
```

DAVID NELSON,

    Plaintiff,

v.                                    CIVIL ACTION NO. 2:09-cv-01023

ADRIAN HOKE, Warden,
Huttonsville Correctional Center,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. By Standing Order, the action was referred to United States Magistrate Mary E. Stanley for submission of findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Stanley submitted her Findings and Recommendation to the court on March 23, 2010, in which she recommended that this court grant defendant's motion to dismiss, dismiss plaintiff's petition under 28 U.S.C. § 2254, and remove the matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge Stanley's Findings and Recommendations. On March 30, 2010, plaintiff filed objections to the Magistrate Judge's Findings and Recommendation.

With respect to those objections, the court has conducted a <u>de novo</u> review.

Plaintiff has two Petitions for a Writ of Habeas Corpus currently pending in the Circuit Court of Mingo County, one filed on February 11, 2009, and the other on September 21, 2009.  For this reason, Magistrate Judge Stanley recommended that the court find that plaintiff failed to exhaust his state remedies and dismiss his petition.  In his objections, plaintiff asks the court to stay this civil action pending his exhaustion of state remedies.

Regarding a petitioner's obligation to exhaust state remedies, the Supreme Court has sent a "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."  <u>Rose v. Lundy,</u> 455 U.S. 509, 520 (1982).  Under certain limited circumstances, a district court may stay a petition and hold it in abeyance while a petitioner exhausts his state remedies.  <u>Rhines v. Weber</u>, 544 U.S. 269, 275-77 (2005).  The Court cautioned, however, that the practice of staying a federal habeas case while a petitioner returns to state court to exhaust his claims should be used sparingly.

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes.  Staying a federal habeas petition frustrates AEDPA's objective of encouraging

> finality by allowing a petitioner to delay the
> resolution of the federal proceedings. It also
> undermines AEDPA's goal of streamlining federal
> habeas proceedings by decreasing a petitioner's
> incentive to exhaust all his claims in state
> court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be
> available only in limited circumstances. Because
> grating a stay effectively excuses a petitioner's
> failure to present his claims first to the state
> courts, stay and abeyance is only appropriate
> when the district court determines there was good
> cause for the petitioner's failure to exhaust his
> claims first in state court. Moreover, even if a
> petitioner had good cause for that failure, the
> district court would abuse its discretion if it
> were to grant him a stay when his unexhausted
> claims are plainly meritless.

Id. at 277.

Plaintiff has not shown good cause for his failure to exhaust state remedies and, accordingly, a stay of this matter is not warranted. Therefore, plaintiff's objections are OVERRULED.

For the foregoing reasons, the court adopts the Findings and Recommendations of Magistrate Judge Stanley, **GRANTS** defendant's motion to dismiss, **DISMISSES** plaintiff's petition under 28 U.S.C. § 2254, and directs the Clerk to remove the matter from the court's docket.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 18th day of June, 2010.

ENTER:

David A. Faber
Senior United States District Judge

3